264 P.2d 855

ROCHE v. ZEE et al.

No. 7913.

Supreme Court of Utah.

Dec. 17, 1953.

194

Moss & Hyde, Salt Lake City, for appellant.

Ray, Rawlins, Jones & Henderson, Jones & Jones, Salt Lake City, for respondents.

PER CURIAM.

The plaintiff appeals solely "from the order of the court granting the motion to dismiss made by defendant Mountain Fuel Supply Company at the conclusion of the plaintiff's evidence." Said defendant moves to dismiss the appeal because such order was a nullity, granting a motion which was not then before the court. With this contention we agree and the appeal is dismissed.

After the motion to dismiss made at the conclusion of plaintiff's evidence, the court reserved ruling thereon in accordance with Rule 50(b), Utah Rules of Civil Procedure. The case was fully tried, submitted to the jury; verdict was for the defendant and judgment entered in accordance therewith. Plaintiff moved for judgment notwithstanding the verdict and for a new trial, which motions the court denied. After all this had been done, the trial court, disregarding the later proceedings favorable to defendant, entered an order granting defendant's motion to dismiss made at the conclusion of plaintiff's evidence.

We believe that the action of the trial court represents a misinterpretation of the purpose, and a misapplication of the Rule 50(b). Its function is to permit the trial judge to submit the case to the jury for their determination, then if the verdict goes adverse to the moving party, he can, when there is more time for deliberation, re-examine and rule upon whether a jury question exists. But the rule was not purposed to be so used as to deprive the moving party of the benefit of a favorable verdict and judgment thereon. This would be accomplished in the instant case if the order made were valid. The result would be that the plaintiff could appeal and have the facts reviewed in the light most favorable to him in reviewing whether the case should have gone to a jury; whereas the reverse should be true. The jury having found for defendant, the review should be in the light most favorable to defendant.[1]

Logical analysis of the situation leads to the conclusion that the defendant, as moving party, would not want any such

1. Toomer's Estate v. Union Pac. R. Co., Utah, 239 P.2d 163.

motion to dismiss granted after he had a verdict and judgment in his favor. It is only consistent with reason to assume that he would have waived the prior motion to dismiss, and that it became merged in such later favorable judgment. Any appeal should have been taken from such verdict and judgment, and the rulings refusing to vacate them. Only such an appeal would present the case to this court for review in its proper light.

WOLFE, C. J., votes to deny the motion to dismiss the appeal.